IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTIE M. ADEMILUYI<br>*Plaintiff*,<br><br>v.<br><br>PENNYMAC LOAN SERVICES,<br>LLC<br>*Defendant*. | Civil Action No. ELH-15-2463<br><br>(On Appeal from:<br>United States Bankruptcy Court<br>Chapter 13 Case PM-14-25763) |

**MEMORANDUM**

This matter arises from an appeal taken by Christie Ademiluyi, appellant and Debtor, from two orders issued by the Bankruptcy Court.  *See* ECF 1.  During the pendency of the appeal, the Debtor moved this Court to stay her bankruptcy case.  That motion is at issue.

On October 26, 2015, Ademiluyi filed "Debtor's Emergency Motion To Stay Main Bankruptcy Case Pending Appeal."  ECF 11.  It is supported by a Memorandum of Law (ECF 11-1) (collectively, "Emergency Motion").   Appellee, PennyMac Loan Services, LLC ("Services"), as servicing agent for PennyMac Holdings, LLC ("Holdings") (collectively, "PennyMac"), filed an opposition to the Motion.  ECF 12 ("Opposition").  Debtor has replied. ECF 13 ("Reply").

The Motion has been fully briefed, and no hearing is necessary to resolve it.  *See* Local Rule 105.6.  For the reasons stated below, I shall deny the Emergency Motion as moot.

**I.   Factual Background**

In order to address the Emergency Motion, it is important to understand the procedural history of this matter in the context of this case and related cases.  For convenience, the presentation is largely chronological.

On or about August 5, 2009, plaintiff filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code. *See In re: Ademiluyi*, TC-09-24463 (D. Md. Bankruptcy).  It appears that the bankruptcy matter, assigned to Bankruptcy Judge Thomas Catliota, was completed by November 1, 2009.  *See* ECF 21 in Bankruptcy Case 09-24463.   And, it appears that plaintiff's residential mortgage note survived discharge.  *Id.*, ECF 5 ("Chapter 7 Individual Debtor's Statement of Intention," indicating Ademiluyi intended to reaffirm her mortgage debt).

In March 2012, Ms. Ademiluyi filed in this Court a "Class Action Complaint" against PennyMac Mortgage Investment Trust Holdings I, LLC, n/k/a PennyMac Holdings, LLC  and PennyMac Mortgage Investment Trust ("Trust").  It was docketed as ELH-12-0752.  In the suit, plaintiff alleged, *inter alia*, that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, as well as the Maryland Collection Agency Licensing Act ("MCALA"), Md. Code (2010 Repl. Vol., 2012 Supp.), § 7-301 of the Business Regulation Article.  *See*  ECF 1.  An Amended Class Action Complaint was filed in March 2014.  ECF 53. In general, the suit alleged "systematic, intentional, and predatory debt collection activities" by defendants "upon vulnerable Maryland Consumers. . . ."  *Id.*at 1-2.  It also alleged illegal mortgage practices. *Id.* at 2.[1]

On May 22, 2015, in ELH-12-0752, I issued a Memorandum Opinion (ECF 108) and Order (ECF 109), in which I denied plaintiff's motion for summary judgment (ECF 62) as to the FDCPA claim, and granted the defense's cross-motion for summary judgment (ECF 69).  The rulings disposed of the case.  It appears that no appeal was taken from my rulings.

---

[1] The case had a protracted history, as a review of the docket reflects.  Summaries of facts and allegations are contained in this Court's Memorandum Opinion of March 11, 2013 (ECF 26): Memorandum of February 10, 2015 (ECF 97); and Memorandum Opinion of May 22, 2015 (ECF 108).

On or about October 17, 2014, during the pendency of ELH-12-0752, plaintiff filed a "Suggestion of Bankruptcy" under Chapter 13 of the Bankruptcy Code.  *See In re Ademiluyi*, PM-14-25763 (D. Md. Bankruptcy) (hereinafter sometimes referred to as the "Main Bankruptcy Case").[2]  The filing apparently followed foreclosure proceedings in State Court involving Ms. Ademiluyi's home.

Then, in November 2014, Ademiluyi filed an adversary proceeding within her bankruptcy case, against CitiMortgage, Inc. ("Citi"); PennyMac Loan Servicing, LLC;[3] and PennyMac Mortgage Investment Trust Holdings I, LLC.  *See Ademiluyi v. CitiMortgage, Inc., et al.*, Adv. Pro. Case No. 14-0806 (D. Md. Bankruptcy).[4]  Ademiluyi amended the adversary proceeding suit on January 5, 2015.  *See* ECF 12 in Adversary Proceeding.  In general, she claimed that the defendants engaged in illegal activities to force homeowners from their homes. Among other things, she claimed Citi breached its obligation to offer loss mitigation to financially troubled homeowners.  She alleged, *inter alia*, mortgage fraud, violations of the Equal Credit Opportunity Act, the Fair Credit Reporting Act, breach of contract, and deceptive trade practices.

In November 2014, in Bankruptcy Case PM-14-25763, PennyMac filed a motion for relief from stay to allow foreclosure in the State court (ECF 28); it renewed the relief from stay motion in December 2014.  *See* ECF 45 in Main Bankruptcy Case.  Also in November 2014, the

---

[2] The case was assigned to Bankruptcy Judge Paul Mannes.  However, due to Judge Mannes's unavailability, other bankruptcy judges have been involved in the case.

[3] Presumably, the Debtor meant "Services," not "Servicing."  The complaint is docketed as ECF 4 in JFM-15-0777.

[4] CitiMortgage, Inc. had acquired plaintiff's mortgage note at least by September 2009 and, in October 2009, plaintiff had entered a trial modification program with Citi.  *See* ELH-12-752, ECF 108 (Memorandum Opinion of May 22, 2015).

Debtor filed a proposed Amended Chapter 13 plan (ECF 26), which she amended in December 2014. *See* ECF 38 in Main Bankruptcy Case.

The Bankruptcy Court held a hearing on December 22, 2014. ECF 43 in Main Bankruptcy Case. It continued the stay, conditioned on the Debtor's making certain payments. *Id.* But, by Order of December 22, 2014, it denied confirmation of the Chapter 13 Plan, with leave to amend. *See* ECF 42 in Main Bankruptcy Case. Thereafter, on February 26, 2015, the court entered a Clarifying Order. *See* ECF 72 in Main Bankruptcy Case.

On March 16, 2015, Bankruptcy Judge Duncan Keir filed a "Sua Sponte Motion For Withdrawal Of Reference" as to Ademiluyi's Adversary Proceeding against Citi and the PennyMac defendants. *See* ECF 32 and ECF 33 in Adversary Proceeding No. 14-25763. It was docketed in this Court as ELH-15-0777. *See* ECF 1. I granted the Motion for Withdrawal of Reference on April 27, 2015. *See* ECF 3 in Case ELH-15-0777. The Complaint is at ECF 4, while the Amended Complaint, previously filed in January 2015, while the case was still in the Bankruptcy Court, was docketed in this Court on April 27, 2015. *See* ECF 11.

On May 10, 2015, in the Main Bankruptcy Case (PM-14-25763), Ademiluyi filed a "Motion To Withdrawal Reference of Main Bankruptcy Case." *See* ECF 88 in Main Bankruptcy Case. The motion was docketed in this Court on May 29, 2015, as ELH-15-1576. *See* ECF 1. By Memorandum (ECF 3) and Order (ECF 4) of June 10, 2015, I denied Ademiluyi's motion for withdrawal of reference.

Soon after, on June 14, 2015, in the Main Bankruptcy Case (PM-14-25763), Ademiluyi filed a motion to stay the Chapter 13 proceedings. *See* ECF 105 in Main Bankruptcy Case. That motion was denied by Memorandum and Order of the Bankruptcy Court on July 16, 2015. *Id.,* ECF 107.

On August 11, 2015, the Bankruptcy Court held a hearing in the Main Bankruptcy Case. ECF 117.  And, on August 13, 2015, it denied the Debtor's proposed Chapter 13 confirmation plan, without leave to amend.  *Id.*, ECF 118.

On August 18, 2015, Ms. Ademiluyi noted an appeal to this Court (ECF 120 in the Main Bankruptcy Case).  The appeal was taken from the Bankruptcy Court's rulings in ECF 107 and ECF 118, discussed above, and docketed in this Court on August 19, 2015, as ELH-15-2463.[5]  In addition, on August 18, 2015, the Debtor filed a motion in Bankruptcy Case PM-14-25763 (ECF 123), seeking a stay of that case pending disposition of the appeal in ELH-15-2463.  By Memorandum Decision and Order of October 16, 2015 (ECF 139 in Main Bankruptcy Case), Bankruptcy Judge S. Martin Teel, Jr., sitting by designation, denied the motion for stay pending appeal.

In the interim, on September 22, 2015, case ELH-15-0777 (*i.e.*, the adversary proceeding) was reassigned from this Court to Judge Motz, and became Case No. JFM-15-0777.  *See* Docket Entry.  On September 29, 2015, in JFM-15-0777, Judge Motz granted motions to dismiss filed by Citi (ECF 12) and the PennyMac defendants (ECF 14).  *See* ECF 26 (Judge Motz's Memorandum); ECF 27 (Judge Motz's Order).  Thereafter, in that case, Ademiluyi filed a motion for preliminary injunction (ECF 29), and a motion for leave to file a second amended complaint (ECF 31).  By Order of October 20, 2015, Judge Motz denied both motions.  ECF 32. Plaintiff noted an appeal to the Fourth Circuit on the same date (ECF 33) and filed an amended notice of appeal two days later.  ECF 35.  That appeal is pending.

---

[5] The Notice of Appeal was docketed in the Main Bankruptcy Case on August 19, 2015, as ECF 126.

Thereafter, by letter dated October 22, 2015 (docketed October 23, 2015), plaintiff's counsel wrote to this Court in regard to ELH-15-2463. *See* ECF 9.[6]  As noted, ELH-15-2463 is the appeal from the Bankruptcy Court's orders in PM-14-25763, denying plan confirmation and denying a stay.  Ademiluyi's attorney said in part:  "Please close out this case, so I can proceed with the Fourth Circuit appellate process of the entire case." *Id.*  In response, and as a courtesy, I directed my law clerk to contact plaintiff's counsel by telephone to state that the Court would not "close out" a case on the basis of such a letter, and that counsel should review the rules concerning dismissal.

Then, on October 26, 2015, in ELH-15-2463, Ademiluyi filed an "Emergency Motion To Stay Main Bankruptcy Case Pending Appeal."  ECF 11.  In particular, she asked for a stay of the appeal in ELH-15-2463, pending resolution by the Fourth Circuit of her appeal in JFM-15-0777. In her supporting memorandum (ECF 11-1), counsel asserted:  "Debtor seeks to stay the bankruptcy case, continue making her mortgage payments . . . and have this Court address this appeal after the Fourth Circuit disposes of debtor's appeal of her adversary proceeding," *i.e.*, the appeal in JFM-15-0777.  *See* ECF 11-1 at 2.  Further, she stated:  "Judge Motz's decision [in JFM-15-0777] moots this District Court appeal until the Fourth Circuit addresses debtor's appeal of the adversary proceeding." ECF 11-1 at 1.

Two days later, on October 28, 2015, Bankruptcy Judge Teel dismissed the Debtor's Main Bankruptcy Case, with prejudice, for 180 days.  *See* ECF 145 in Main Bankruptcy Case.

In their Opposition to the Emergency Motion, defendants urge the Court to deny the Emergency Motion on the ground that it is now "entirely moot. . . ." ECF 12 at 4.  They posit

---

[6]  Plaintiff's counsel erroneously asserted that I had "recently reassigned all cases . . . related to . . . [ELH-] 12cv00752."  That assertion is incorrect; only one *Ademiluyi* case was reassigned to Judge Motz.

that, because the underlying bankruptcy case has been dismissed, "there is no longer any bankruptcy case to stay. . . ." *Id.* Alternatively, defendants assert the motion should be denied on the merits. *Id.* at 5.[7]

## II. Discussion

Given the dismissal of the Main Bankruptcy Case (14-25763), I am of the view that the Emergency Motion, filed as ECF 11 in ELH-15-2463, is now moot, because it seeks a stay of Bankruptcy Case PM-14-25763, and that case has since been dismissed. If the dismissal was improper, Ademiluyi's remedy is by way of an appeal of the dismissal, which would also enable her to challenge other rulings of the Bankruptcy Court.

Article III of the Federal Constitution limits judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). In *Arizona Christian Sch. Tuition Org. v. Winn*, ____ U.S. ____, 131 S. Ct. 1436, 1442 (2011), the Court said: "Continued adherence to the case-or-controversy requirement of Article III maintains the public's confidence in an unelected but restrained Federal Judiciary. . . . For the federal courts to decide questions of law arising outside of cases and controversies would be inimical to the Constitution's democratic character." *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (stating that Article III standing "enforces the Constitution's case-or-controversy requirement"), *abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, ____ U.S. ____, 134 S. Ct. 1377, 1387-88 (2014); *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (stating that, under Article III of the Constitution, "'the exercise of judicial power depends upon the existence of a case or

---

[7] Defendants also ask the Court to award attorneys' fees and costs on the ground that the Motion is "frivolous" as well as "baseless and duplicative" of other filings in this Court and in the Bankruptcy Court. ECF 12 at 5. I shall deny this request, as it is without merit.

controversy'") (quoting *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974)); *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (stating that Article III "gives federal courts jurisdiction only over cases and controversies") (internal quotation marks and citations omitted).

In *Chafin v. Chafin*, ____ U.S. ____, 133 S. Ct. 1017, 1023 (2013), the Supreme Court said: "Federal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts." (internal quotation marks and brackets omitted); *see also Knox v. Service Employees Int'l Union, Local 1000*, ____ U.S. ____, 132 S. Ct. 2277, 2287 (2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (internal quotations marks and citations omitted); *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (stating that a case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome") (citation omitted); *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937).[8]

In the absence of a case or controversy, "the litigation is moot, and the court's subject matter jurisdiction ceases to exist . . . ." *S.C. Coastal Conservation League v. U.S. Army Corps. of Eng'rs*, 789 F.3d. 475, 482 (4th Cir. 2015); *see Gardner v. GMAC, Inc.*, 796 F.3d. 390, 396 n.4 (4th Cir. 2015) (stating that, in the absence of a case or controversy, the court lacks subject matter jurisdiction). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even

---

[8] To be sure, there is a narrow exception to the mootness doctrine, in those cases where a wrong is "capable of repetition yet evading review." *Lux v. Judd*, 651 F.3d 396, 401 (4th Cir. 2011). This exception does not appear applicable in the context of this case.

constitutional issues obtained . . . ." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990). When developments occur during the course of a case that prevent the court from being able to grant the requested relief, the case must be dismissed. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968); *Mellan v. Bunting*, 327 F.3d 355, 364 (4th Cir. 2003); *see also Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974); *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir. 2013).

The recent case of *Cutonilli v. Federal Transit Administration*, ____ Fed. App'x ____, ____, 2015 WL7770192 (4th Cir. Dec. 3, 2015) (per curiam), is informative. In that case, the plaintiff lodged various environmental challenges to the Red Line Project, a proposed east-west mass transit line for Baltimore. *See* ELH-13-2373. The suit plaintiff culminated in a 62-page Memorandum Opinion (ECF 56) and Order (ECF 57) issued by this Court on March 30, 2015, replete with factual findings that supported the legal conclusions and the award of summary judgment in favor of the defendants. *Id.* The plaintiff then moved to reconsider on April 27, 2015 (ECF 58), and that motion was denied by Memorandum (ECF 65) and Order (ECF 66) of June 26, 2015.

In the Memorandum denying the motion to reconsider (ECF 65), I pointed out that one day earlier, on June 25, 2015, Governor Hogan announced that he would not fund the Red Line Project, and thus the case appeared moot. *Id.* at 3 n.1. However, because I was uncertain of the finality of Governor Hogan's day-old decision, I proceeded to address the merits of the motion to reconsider.

Thereafter, plaintiff noted an appeal to the Fourth Circuit. ECF 67. The Fourth Circuit determined that "the appeal has been rendered moot" by the decision to cancel the Red Line Project. *Cutonilli*, 2015 WL 7770192, at *1. Therefore, it vacated and remanded to this Court,

with instructions to dismiss the case. *Id.* Its ruling did not reach the merits, leaving untouched any possible errors I may have made in my factual findings.

Under the rationale of the cases cited above, I am satisfied that the Emergency Motion in ELH-15-2463 is now moot. In that Motion, plaintiff sought to stay the Main Bankruptcy Case, PM-14-25763. But, soon after the Emergency Motion was filed, the Main Bankruptcy Case was dismissed by the Bankruptcy Court. *See* Order of October 28, 2015, ECF 145 in PM-14-25763. As a result, there is no case that could be stayed. For these reasons, I shall deny the Emergency Motion for a stay of Bankruptcy Case PM-14-25763.

In my view, the dismissal of the Main Bankruptcy Case also renders moot the appeal in ELH-15-2463. The appeal concerns the Order of the Bankruptcy Court denying the stay, which has already been discussed in the context of the Emergency Motion. And, the appeal concerns the Order of the Bankruptcy Court denying plan confirmation, without leave to amend. *See* ECF 118 in the Main Bankruptcy Case.

The Debtor had the right to note an appeal as to the dismissal of the Main Bankruptcy Case. An appeal presumably would have enabled Ademiluyi to obtain review of other orders in the Main Bankruptcy Case, such as the Order denying plan confirmation. But, given dismissal of the entire bankruptcy case, a ruling in ELH-15-2463 as to plan confirmation would be futile, or of no effect, because the Main Bankruptcy Case has been dismissed. Absent reinstatement of the Main Bankruptcy Case − an issue not presented in ELH-15-2463 − a ruling as to the Order denying plan confirmation would be of no moment.

Therefore, I will dismiss ELH-15-2463 as moot. In effect, Ademiluyi has obtained the result she initially sought in ECF 9 − closure of this case.

An Order follows.

Date:   December 10, 2015                                        /s/
                                                    Ellen L. Hollander
                                                    United States District Judge